UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>HENNISON CURRY,<br><br>                    Defendant. | No. 14-cr-212 (RJS) |
| HENNISON CURRY,<br><br>                    Petitioner,<br><br>-v-<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | No. 20-cv-4939 (RJS)<br><br>MEMORANDUM AND ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

Petitioner Hennison Curry brings this petition pursuant to 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c). (Doc. No. 1000.)[1] Curry, who is presently serving the supervised release component of his sentence, argues that his conviction under § 924(c) is invalid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). For the reasons set forth below, the petition is DENIED.

## I. BACKGROUND

In July 2014, a grand jury returned a superseding indictment charging Curry and nineteen others in connection with their activities as part of a criminal street gang known as the Murda

---

[1] Unless otherwise indicated, all docket citations are to case number 14-cr-212, and references to page numbers correspond to the ECF page numbers, not to the filing's internal pagination.

Moore Gangstas ("MMG") in the Bronx.  (Doc. No. 163.)  Count One charged Curry and others with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and listed a variety of predicate racketeering acts, including (i) "multiple acts involving murder, in violation of New York Penal Law, Sections 20.00, 105.15, 110.00, and 125.25;" (ii) "multiple acts involving robbery, in violation of New York Penal Law, Sections 20.00, 105.10, 110.00, 160.05, and 160.10;" (iii) "multiple acts indictable under Title 18, United States Code, Sections 1951 and 2 (Hobbs Act robbery);" and (iv) "multiple acts involving the distribution of controlled substances, including 280 grams and more of crack cocaine, marijuana, and MDMA, in violation of . . . Title 21, United States[] Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2."  (*Id.* at 2–7.)  Count Two charged Curry and others with narcotics conspiracy, in violation of 21 U.S.C. § 846.  (*Id.* at 8–11.)  Count Three charged Curry and others with using, carrying, possessing, and discharging firearms in furtherance of both the racketeering conspiracy charged in Count One and the narcotics conspiracy charged in Count Two, in violation of 18 U.S.C. §§ 924(c) and 2.  (*Id.* at 12.)

On November 13, 2014, Curry pleaded guilty to Counts One and Three, pursuant to a plea agreement with the government.[2]  (Doc. No. 271.)  In its colloquy with the Court, the government described Count Three as charging Curry with possessing a firearm during and in relation to a crime of violence, specifically the racketeering conspiracy charged in Count One.  (*Id.* at 15.)  During his plea, Curry swore under oath that he "was a member of [MMG]" from around 2011 through 2013, and that he agreed to participate in the gang's criminal activities.  (*Id.* at 41.)  According to Curry, MMG's activities included robbery, drug trafficking, and possessing firearms.  (*Id.*)  He further admitted to agreeing with the other members of MMG to participate in shooting

---

[2] Although Count Three alleged that Curry discharged a firearm in violation of § 924(c)(1)(A)(iii), Curry ultimately pleaded guilty to the lesser included offense of possessing the firearm in violation of § 924(c)(1)(A)(i).

2

a rival gang member and described the shooting as a "gang activity" of MMG. (*Id.* at 41–43.) The Court sentenced Curry in December 2015 to an aggregate term of 84 months' imprisonment (24 months on Count One to be followed by a mandatory consecutive term of 60 months on Count Three). (Doc. No. 643 at 75.) The Court also imposed an aggregate term of five years' supervised release. (*Id.*) Curry did not directly appeal his § 924(c) conviction.

On June 24, 2020, Curry filed his § 2255 petition to vacate his conviction and sentence on Count Three – the § 924(c) count – in light of the Supreme Court's decision in *Davis*, 139 S. Ct. at 2319. (20-cv-4939, Doc. No. 1.) Specifically, Curry argues that because racketeering conspiracy is not a categorical crime of violence, it cannot validly serve as a predicate offense for a conviction under § 924(c). (*Id.* at 4–5.) The government concedes that, under *Davis*, racketeering conspiracy can no longer support a § 924(c) charge; nevertheless, the government argues that Curry has procedurally defaulted any challenge to his conviction by failing to raise his claim on direct appeal. (Doc. No. 1004 at 11.) The government also asserts that Curry's conviction remains valid on the merits, since he pleaded guilty to possessing a firearm in furtherance of both the racketeering conspiracy *and* the narcotics conspiracy, the latter of which is still a valid predicate for a § 924(c) conviction post-*Davis*. (*Id.*)

## II.   LEGAL STANDARD

Section 2255 enables a defendant who was sentenced by a federal court to petition that court to vacate, set aside, or correct his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error

of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted).

The "procedural default rule" constitutes one such rule and provides that a defendant may not bring a claim on collateral review that "could have been brought on direct appeal . . . absent cause and prejudice." *Id.* at 54. In other words, "to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error." *Id.* (quoting *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993)). A petitioner can show cause if, at the time of default, the claim was "so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). Likewise, "[i]neffective assistance of counsel . . . is cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate prejudice, the petitioner must show "not just that the errors 'created a possibility of prejudice, but that they worked to his actual and substantial disadvantage.'" *Borrego v. United States*, 975 F. Supp. 520, 522 (S.D.N.Y. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). In the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (discussing prejudice in the context of an ineffective assistance of counsel claim); *see also Strickler v. Greene*, 527 U.S. 263, 296 (1999) (finding no prejudice from procedural default since "petitioner has not

4

shown that there is a reasonable probability that his conviction or sentence would have been different").

### III. DISCUSSION

Curry asserts that his case falls within the cause-and-prejudice exception and is thus not procedurally barred. The Court disagrees.

Assuming, for the sake of argument, that Curry is able to show cause for failing to raise his claims on direct appeal, his petition nevertheless falls short because he has not suffered any prejudice. Curry urges that he has shown prejudice "because his [§ 924(c)] conviction rests on a now-invalid predicate" and "can only be sustained on the basis of § 924(c)(3)(B)'s unconstitutional residual clause." (Doc. No. 1000 at 7–8.) But even assuming that the racketeering conspiracy charged in Count One of the indictment can no longer support a § 924(c) charge after *Davis*, 139 S. Ct. at 2324, Curry's conviction still rests on a valid predicate – the narcotics conspiracy charged in Count Two.

The Second Circuit provided clear guidance on this point in *United States v. Dussard*, where the Circuit considered the appeal of a defendant who allocuted to a § 924(c) charge predicated solely on Hobbs Act robbery conspiracy, but was also charged with narcotics trafficking conspiracy as an alternate predicate. *See* 967 F.3d 149, 157–58 (2d Cir. 2020). Although the defendant in *Dussard*, like Curry here, did not plead to the narcotics offense, the Circuit affirmed the conviction, concluding that the defendant "ha[d] not shown any reasonable probability that he would not have pleaded guilty to [the § 924(c) charge]" based on the permissible drug trafficking predicate alone.[3] *Id.* at 159. It considered, among other things, the defendant's plea colloquy,

---

[3] While the *Dussard* court applied plain-error review, the standard used to determine whether the defendant's substantial rights were affected mirrors the standard for prejudice in the procedural default context. *See Dussard*, 967 F.3d at 167 ("An error affects the defendant's substantial rights when it is prejudicial – that is, when there is a reasonable probability that the error affected the outcome of the proceeding." (internal quotation marks omitted)).

during which he admitted that he "conspired with individuals who possessed firearms in order to steal narcotics at gun point," and the presentence report ("PSR"), which noted that the defendant planned to sell the drugs he had stolen for profit. *Id.* at 156. In light of these facts, the Circuit concluded that Dussard would have had "little genuine hope" of being acquitted of the drug trafficking conspiracy at trial. *Id.* at 157. It also emphasized that there was no indication in the record that "provides any basis for an argument that he was willing to plead guilty to [the § 924(c) charge] only if it was tied to the charge of Hobbs Act conspiracy . . . instead [of] the drug trafficking predicate." *Id.* at 158.

In fact, the Second Circuit has already applied *Dussard* to sustain the § 924(c) convictions of two of Curry's co-defendants, Amar Taylor and Kevin Mizell. *See United States v. Kilpatrick*, No. 15-3012-CR, 2021 WL 3354737, at *3–5 (2d Cir. Aug. 3, 2021) (summary order). Like Curry, Taylor and Mizell pleaded guilty to Counts One and Three of the superseding indictment, which charged them (and Curry) with racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and with using, carrying, and discharging firearms in furtherance of both the racketeering conspiracy and a narcotics conspiracy, in violation of 18 U.S.C. § 924(c). *Id.* at *3, *5. On direct appeal, Taylor and Mizell raised challenges virtually identical to the one Curry now raises, seeking to overturn their § 924(c) convictions on the basis that racketeering conspiracy is no longer a valid predicate to a § 924(c) charge after *Davis*. *Compare id.* at *1, *with* Doc. No. 1000 at 4–5. Reviewing their convictions for plain error, the Second Circuit found that neither defendant could establish prejudice because the record disclosed ample evidence to support a predicate offense of narcotics conspiracy and there was no reasonable probability that they would have refused to plead guilty if the government required them to allocute to the narcotics conspiracy charged in Count Two. *Kilpatrick*, 2021 WL 3354737, at *3–5.

As in *Kilpatrick* and *Dussard*, there is no indication that Curry would have declined to plead guilty to the § 924(c) charge based solely on the narcotics conspiracy predicate. As with Taylor and Mizell, the superseding indictment lists both a racketeering conspiracy *and* a narcotics conspiracy as the predicate offenses to Curry's § 924(c) charge. (Doc. No. 163 at 12.) Additionally, the racketeering charge that Curry pleaded guilty to encompasses "multiple acts involving the distribution of controlled substances, including 280 grams and more of crack cocaine, marijuana, and MDMA" in violation of the federal drug laws. (*Id.* at 7.)

Furthermore, like Taylor's and Mizell's, Curry's PSR lists Curry as a member of MMG, a criminal enterprise that distributed controlled substances, including crack cocaine and other illegal drugs, and used violence to protect its territory from rival gangs. (Doc. No. 1003 ¶¶ 21, 23–24). Indeed, the PSR indicates that MMG gang members "conspired to distribute and possess with intent to distribute various controlled substances, including crack, marihuana, and MDMA," and that for several years Curry himself sold crack and marijuana within MMG territory. (*Id.* ¶¶ 48, 49(e).) Finally, the PSR states that "[f]rom at least 2006 through April 2014," Curry and other members of MMG, "during and in relation to the racketeering conspiracy *and the narcotics conspiracy*, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which . . . were discharged." (*Id.* ¶ 50) (emphasis added.) Indeed, the PSR notes that Curry personally shot a rival gang member with a .22 caliber firearm, hitting the victim in the arm and back. (*Id.* ¶ 42.)

Curry's plea allocution, which occurred at the same hearing as Taylor and Mizell's, further supports a narcotics conspiracy predicate. During his allocution, Curry admitted under oath that he "agreed with others to participate in [the] criminal activities of MMG," which included, among other things, "selling drugs" and "possession of a firearm." (Doc. No. 271 at 41.) Curry also

7

admitted to personally firing a gun at a rival gang member at the behest of MMG. (*Id.* at 41–42.) Moreover, Curry did not object to the government's summary of proof, which proffered that MMG "was engaged in a variety of criminal activities, including multiple shootings, robberies, assaults, and drug dealing," and alleged that MMG members used firearms to rob or assault rival drug dealers on multiple occasions in order to "promote or enhance the enterprise." (*Id.* at 34–35.)

Considering the record as a whole, the Court readily concludes that "there is more than sufficient evidence to support [Curry's] guilt on the predicate narcotics conspiracy." *Kilpatrick*, 2021 WL 3354737, at *3. Given that Curry "would have had little genuine hope of being acquitted of the Count Two drug trafficking conspiracy after a trial," the government here, as in *Dussard*, undoubtedly would have secured a valid conviction on Curry's § 924(c) charge by simply adding a reference in the plea agreement to the narcotics conspiracy as a predicate offense and requiring Curry to allocute to the same. *See* 967 F.3d at 157–58.

At the same time, Curry has not provided any reason to believe that he would have insisted on going to trial if the plea offer had required him to plead guilty to the § 924(c) charge predicated on the narcotics trafficking conspiracy alone, especially since, as was the case with Taylor and Mizell, Curry's "decision to plead guilty to Counts One and Three resulted in a very favorable disposition." *Kilpatrick*, 2021 WL 3354737, at *5. Thus, Curry has failed to establish a reasonable probability that he "would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Because Curry demonstrates no prejudice stemming from this Court's alleged error, his challenge to his § 924(c) conviction is procedurally barred.

## IV. CONCLUSION

For the reasons stated above, Curry's motion under 28 U.S.C. § 2255 is DENIED. Moreover, because Curry has not "made a substantial showing of the denial of a constitutional right," the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this order would not be taken in good faith since any appeal would "lack[] an arguable basis in law or fact." *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995). Curry thus may not proceed *in forma pauperis*. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Finally, the Clerk is respectfully directed to terminate the motions pending at docket number 1000 of case number 14-cr-212 and docket number 1 of case number 20-cv-4939, and to close case number 20-cv-4939.

SO ORDERED.

Dated:   January 3, 2022
         New York, New York

_____
RICHARD J. SULLIVAN
United States Circuit Judge
Sitting by Designation